**REISSUED FOR PUBLICATION**
APR 21 2020
OSM
U.S. COURT OF FEDERAL CLAIMS

**CORRECTED**

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: March 4, 2020
Not For Publication

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| MELISSA SLOAN, | \* | No. 19-516V |
| | \* | |
| Petitioner, | \* | Special Master Sanders |
| | \* | |
| v. | \* | |
| | \* | |
| SECRETARY OF HEALTH | \* | Dismissal; Failure to Prosecute; Human |
| AND HUMAN SERVICES, | \* | Papilloma Virus ("HPV") Vaccine; |
| | \* | Premature Ovarian Insufficiency |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Melissa Sloan*, *pro se*, Fair Oaks, CA.
*Lara Englund*, United States Department of Justice, Washington, DC, for Respondent.

### **DISMISSAL**[1]

On April 8, 2019, Melissa Sloan ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Program" or "Program").[2] 42 U.S.C. § 300aa-10 to 34 (2012). Petitioner alleged that she developed "injuries, including primary ovarian insufficiency/infertility[] and Sjorgens disease[,]" as a result of the human papillomavirus ("HPV") vaccines she received on September 10, 2007, November 13, 2007, and October 17, 2008. Pet. at 1, ECF No. 1. Along with her petition, Petitioner submitted medical records that were comingled with those of family members with similar claims in the Vaccine Program. *See* Pet'r's Exs. 5–7, ECF Nos. 1-7–1-9.

On April 23, 2019, I held an initial status conference with the parties to help Petitioner better understand the requirements to bring a claim in the Vaccine Program. *See* Min. Entry, docketed Apr. 24, 2019. After the conference, I provided Petitioner with website links to publicly available decisions in the Vaccine Program and encouraged her to review those

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755 ("the Vaccine Act" or "Act"). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

materials with an attorney. ECF No. 9 at 1. I also ordered her to file a status report indicating how she wished to proceed by June 24, 2019. *Id.* at 2.

On May 10, 2019, Petitioner submitted a document entitled a "statement of completion." *See* ECF No. 10 at 1. In a subsequent order, I explained to Petitioner that any previous deadline, such as the deadline to file medical records and a statement of completion contained in my initial order, was superseded by the status report deadline I set in my April 24, 2019 order. *Id.* I further explained that, for Petitioner to be in compliance, she "must file a status report indicating how she wishe[d] to proceed by no later than June 24, 2019." *Id.*

On June 24, 2019, Petitioner filed a motion for a six-month extension of her deadline to file medical records. ECF No. 12. I denied Petitioner's request for two reasons. *See* ECF No. 13 at 1. First, Petitioner had no outstanding deadline to file medical records. Second, her motion requested additional time to file medical records instead of additional time to file a status report, and therefore did not comply with the filing instructions contained in my April 24, 2019 order. ECF No. 13 at 1. However, because Petitioner indicated that she was making her request because of a lack of legal support, I read her request for additional time as indicating her intention to continue *pro se*. *Id.* I set a new deadline of September 9, 2019, for Petitioner to submit additional medical records and a proper statement of completion. *Id.* at 2. I further explained to Petitioner that, if she did not comply with this deadline, I would issue a show cause order. *Id.*

Petitioner failed to meet this deadline. On September 19, 2019, I issued a show cause order and gave Petitioner a final deadline of November 4, 2019, to file medical records and a statement of completion. ECF No. 14 at 2. I warned Petitioner that if she failed to meet this deadline, I would issue a decision dismissing her claim. *Id.*

On November 4, 2019, the Court received filings in similar Vaccine Program cases initiated by Petitioner's family members indicating that those petitioners intended to pursue their claims. Petitioner, however, did not file any medical records or a statement of completion in response to my September 19, 2019 show cause order. As a courtesy to Petitioner, I extended her deadline to file medical records and a statement of completion to January 3, 2020. ECF No. 18.

Petitioner again failed to meet this deadline. I issued a second show cause order on February 6, 2020. ECF No. 19. I gave Petitioner a final deadline of February 21, 2020, to submit medical records in support of her claim and a statement of completion. *Id.* at 2. There have been no additional filings or correspondence from Petitioner. To date, Petitioner has had two-hundred and thirty-six days to file medical records and a statement of completion. I have issued two show cause orders and explained to Petitioner that failure to meet Court deadlines would result in the dismissal of her claim. *See* ECF Nos. 14, 19. Despite these warnings and opportunities, Petitioner has repeatedly failed to submit medical records in support of her claim, a statement of completion, or a status report.

When a petitioner fails to comply with Court orders to prosecute her case, the Court may dismiss her claim. Vaccine Rule 21(b)(1); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed.

Cl. 503 (1996); *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (table); *see also Claude E. Atkins Enters., Inc. v. United States*, 899 F.2d 1180, 1183-85 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); *Adkins v. United States*, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests).

Petitioner's failure to comply with either of my show cause orders indicates a disinterest in pursuing her claim. Therefore, this case must be **dismissed for failure to prosecute. The Clerk shall enter judgment accordingly.**[3]

**IT IS SO ORDERED.**

*Herbrina D. Sanders*
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.